```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GARY E. COX,

                        Plaintiff,              07-CV-6044T

            v.                                  DECISION
                                                and ORDER
NEW YORK STATE TROOPER ERIC HURD

                        Defendant
_____
```

INTRODUCTION

Plaintiff Gary Cox ("Cox") brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated by defendant Eric Hurd ("Hurd"), an Officer of the New York State Police Department, in connection with his arrest on June 1, 2004. Specifically, the plaintiff alleges that he was subjected to a false arrest, false imprisonment, malicious prosecution, and excessive use of force when he was arrested by Hurd for disorderly conduct. Cox claims that as a result of the excessive use of force against him, he suffered a broken clavicle and rib contusion.

Defendant, who denies that Cox was falsely arrested, falsely imprisoned, maliciously prosecuted, or subjected to the excessive use of force, now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint. Defendant argues that because plaintiff plead guilty to the charge of disorderly conduct, he cannot state a claim for false arrest, false imprisonment, or malicious prosecution. Defendant further

contends that the force used against Cox was reasonable as a matter of law. For the reasons set forth below, I hereby grant in-part and deny-in part defendant's motion for summary judgment.

## BACKGROUND

The facts of this case are not in dispute. On June 1, 2004 between 7:30 and 8:00 p.m., plaintiff Gary Cox was at a convenience store in Erwin, New York. While inside the store, Cox observed defendant Eric Hurd, a New York State Trooper who was on duty, and in uniform and driving a marked patrol car, enter the store. Plaintiff, who uses a walking cane, exited the store, and upon defendant Hurd leaving the store, Hurd greeted the plaintiff. In response, the plaintiff gave Hurd the "thumbs down" sign. When Hurd inquired what was wrong, plaintiff exclaimed "fuck you," grabbed his genitals, and told Hurd to "suck this." With that, Hurd informed plaintiff that he was under arrest for disorderly conduct, and approached plaintiff to effectuate the arrest. Plaintiff was taken to the ground by Hurd, hand cuffed, and then made to stand up while Hurd checked plaintiff for weapons or contraband. Cox was then taken to the local jail for arraignment, and was released at approximately 2:30 a.m. on the morning of June 2, 2004. Cox pled guilty to the charge of disorderly conduct on August 19, 2004.

Cox contends that he was injured by the defendant when he was taken to the ground by Cox. According to the plaintiff's medical

records, he was treated on June 9, 2004 for a broken clavicle and rib contusion.  He claims that the force used by Cox in making the arrest was excessive, and that the excessive use of force resulted in his injuries.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  Gallo v. Prudential Residential Services, 22 F.3d 1219, 1223 (2d Cir. 1994).  If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Id. at 1224.

Plaintiff concedes that because he pled guilty to the charge of disorderly conduct, he may not pursue his claims for false arrest, false imprisonment, or malicious prosecution. Accordingly, plaintiff withdraws those claims.  Cox maintains, however, that because there is a question of fact as to whether or not the force used against him was excessive, summary judgment on that claim is

not appropriate.  Defendant argues that the force used against Cox was not excessive because it was objectively reasonable under the circumstances.  See <u>Landy v. Irizarry</u>, 884 F.Supp. 788, 797 (S.D.N.Y. 1995)(stating that excessive use of force claims are properly analyzed under the Fourth Amendment's objective reasonableness standard)(<u>quoting</u> <u>Graham v. Connor</u>, 490 U.S. 386, 388 (1989)).  As stated in <u>Landy</u>, however, "the determination of whether a particular use of force was objectively reasonable requires 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" <u>Landy</u>, 884 F.Supp. at 797 (<u>citing</u> <u>Graham</u>, 490 U.S. at 396).  Generally, such a determination is a fact intensive inquiry, and is best left for a jury to decide. <u>Calamia v. City of New York</u>, 879 F.2d 1025, 1035 (2d Cir. 1989); <u>Landy</u>, 884 F.Supp. at 797; <u>Messina v. Mazzeo</u>, 854 F.Supp. 116, 133-34 (E.D.N.Y. 1994).  In this case, viewing the allegations in the light most favorable to the plaintiff, I find that a question of fact exists as to whether or not the force used by defendant Hurd was reasonable under the circumstances.  There are questions as to whether or not plaintiff posed a threat to the defendant, and, if so, the degree of threat posed by the plaintiff.  Also because there is evidence in the record that the plaintiff used a walking

cane, and that Hurd had dealt with Cox on a previous occasion, there is a question as to whether Cox suffered from any diminished physical capacity, and whether or not Hurd was aware of Cox's physical condition. Because it can not be said as a matter of law that the force used against Cox was not excessive, I deny defendants' motion for summary judgment with respect to plaintiff's claim for excessive use of force.

## CONCLUSION

For the reasons set forth above, I hereby grant in-part and deny in part defendants' Motion for Summary Judgment. I grant defendant's motion for summary judgment with respect to plaintiff's claims of false arrest, false imprisonment, and malicious prosecution, and deny defendant's motion with respect to plaintiff's claim of excessive use of force.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         March 31, 2008